Thomas RETZLAFF, Appellant,

v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
Appellee.

No. 14–01–00371–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 9, 2002.

Rehearing Overruled Aug. 29, 2002.

Thomas C. Retzlaff, Rosharon, Cari Gaye Bernstein, Austin, for appellant.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

Thomas Retzlaff, a prisoner in the Texas Department of Criminal Justice, appeals

the summary dismissal of his tort claim and petition for judicial review. We affirm in part and reverse and remand in part.

## Background

Appellant is an inmate housed in the Texas Department of Criminal Justice (TDCJ). On or about May 4, 2000, appellant was issued a new pair of work boots. Shortly thereafter, appellant claims he notified the boot room attendant of a defect in the stitching of one of the boots. Appellant contends a metal rivet on the boot continuously jabbed him in the foot for a week and a half, resulting in a laceration and bruise to his left foot. Appellant claims he missed work and received medical treatment from the infirmary as a result of his injury. Appellant alleges the defective boot eventually fell apart and, when he attempted to return it, he was punished for destruction of state property.

Appellant's original petition, *in forma pauperis*, contains only two viable causes of action. The first is a request for judicial review of the administrative finding of guilt for destruction of state property. *See* TEX. GOV'T CODE ANN. § 500.002 (Vernon 1998). The second is a claim for personal injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 1997) (Texas Tort Claims Act). Upon the State's motion, the trial court summarily dismissed both claims as frivolous. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon Supp.2002). The motion stated the following grounds for dismissal: (1) appellant's tort claim is barred by sovereign immunity; (2) appellant's tort claim is invalid for failure to provide notice pursuant to section 101.101 of the Civil Practice and Remedies Code; (3) appellant failed to timely file his suit for judicial review and failed to attach completed grievance forms to his petition; (4) appellant failed to comply with Civil Practice and Remedies Code

sections 14.004(a)(2) (requiring that an inmate file an affidavit identifying all prior litigation), 14.005 (requiring that an inmate file copies of grievance decisions, a declaration stating the date the grievances were filed and decisions on them received, and sue within 31 days of receipt of those decisions), and 14.006(f) (requiring that inmate file a certified copy of his trust fund account statement). Our review of the record indicates appellant complied with sections 14.004(a)(2) and 14.006(f). We discuss compliance with section 14.005 below in our resolution of appellant's first appellate issue.

## Issues

Appellant contends the trial court: (1) violated his right of access to the courts in failing to timely file-stamp his suit; (2) abused its discretion by dismissing his complaint; (3) erred by not specifically stating the grounds for dismissal; (4) erred by not filing findings of fact and conclusions of law; and (5) erred in not providing him with a supplemental clerk's record upon demand. We determine appellant's first issue to be moot and overrule appellant's third, fourth, and fifth issues. We sustain appellant's second issue.

## I. Timely Filing Analysis—Issue One

Compliance with section 14.005 of the Civil Practice and Remedies Code is a prerequisite to judicial review of inmate claims. That section requires an inmate to file a claim within thirty-one days of the date he receives a final, written decision from the prison grievance system. TEX. CIV. PRAC. REM.CODE ANN. § 14.005(2)(b) (Vernon Supp.2002); *see also* TEX. GOV'T CODE ANN. § 500.002(e) (Vernon 1998) (petition for review of administrative decision on destruction of state property must be filed within 31 days of grievance decision). The final grievance decision issued July 28,

2000. Appellant submits he filed his petition with the Brazoria County District Clerk's office on August 25, 2000, though the clerk's office did not file stamp his petition until October 6, 2000. *See* Tex. Civ. Prac. Rem.Code Ann. § 14.005(b) (Vernon Supp.2002). While it does appear from the record that the file stamping of appellant's petition was delayed, appellant's contention that the clerk's office violated his right to access to the courts became moot when the trial court accepted his petition as timely filed.[1] Accordingly, we overrule appellant's first issue.

## II. Substantive Review—Issue Two

### A. Standard of Review

 A court may dismiss an inmate claim if it finds the claim to be frivolous or malicious. Tex. Civ. Prac. & Rem.Code Ann. § 14.003 (Vernon Supp.2002). A claim is frivolous if it has no basis in law or fact. *See id.* § 14.003(b)(2). Trial courts are given broad discretion in determining whether a case should be dismissed because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *Montana v. Patterson,* 894 S.W.2d 812, 814–15 (Tex.App.-Tyler [1st Dist.] 1994, no writ). However, when a trial court dismisses a claim without conducting a fact hearing, the dismissal can be affirmed on appeal only if the claim has no arguable basis in law. *Sawyer v. Texas Dept. of Criminal Justice,* 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). A claim has no arguable basis in law if a prisoner has failed to exhaust his administrative remedies. *Pedraza v. Tibbs,* 826 S.W.2d 695, 699 (Tex.App.-Houston [1st Dist.] 1992, pet. dism'd w.o.j.). Our review of whether a claim is legally cognizable is de novo. *Id.* Where no fact hearing is held, we affirm a dismissal under Chapter 14 of the Civil Practice and Remedies Code upon any of the grounds presented in the motion. *Harrison v. Texas Dept. of Criminal Justice,* 915 S.W.2d 882, 887 (Tex.App.-Houston [1st Dist.] 1995, no writ). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if this ground was not presented in the motion to dismiss. *Pedraza v. Tibbs,* 826 S.W.2d 695, 699 (Tex.App.-Houston [1st Dist.] 1992, pet. dism'd w.o.j.). We next review the trial court's dismissal of appellant's two claims.

### B. Judicial Review of Disciplinary Action

An inmate charged in a prison disciplinary proceeding with destruction of property is entitled to judicial review of the prison proceeding, provided he has exhausted his administrative remedies. Tex. Gov't Code Ann. § 500.002(d), (e) (Vernon 1998) (annexing review procedures set forth in Texas Government Code § 2001.176). An inmate's claim for judicial review of an administrative finding he destroyed state property has an arguable basis in law, even if it is factually baseless, if all administrative remedies have been exhausted. *Id.* The administrative remedy available to inmates consists of a two-step grievance process. *Id.* § 501.008. The record demonstrates appellant exhausted his administrative remedies by completing the second

---

1. On October 6, 2000, although acknowledging receipt of appellant's petition for judicial review, Jerry Deere, of the Brazoria County District Clerk's office, issued a letter to appellant informing him that his office could not approve filing of the suit until it was reviewed by the special master assigned to inmate cases. *See* Tex. Civ. Prac Rem.Code Ann. § 14.013(a) (Vernon Supp.2002) (requiring review by special master prior to filing).

step of the grievance process set forth in section 501.008. His claim for judicial review therefore has an arguable basis in law.

■ On January 11, 2001, without holding a hearing at which appellant could have submitted evidence, the trial court dismissed appellant's petition for judicial review. As we discussed above, without a hearing, a trial court's dismissal is improper unless appellant's claim lacks an arguable basis in law. *See Sawyer*, 983 S.W.2d at 311. Because appellant's petition for judicial review of destruction of state property has an arguable basis in law, the trial court's dismissal was erroneous.

### C. Tort Claim

■ An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until he receives a written decision issued by the highest authority provided in the grievance system. Tex. Gov't.Code Ann. § 501.008(d)(1) (Vernon 1998). The grievance system provides the exclusive administrative remedy for inmate claims arising under the Texas Tort Claims Act. *See, e.g., Wallace v. TDCJ*, 36 S.W.3d 607, 611 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (example of review of personal injury claim within grievance process). Our review of the record indicates appellant failed to allege personal injury in his complaints before the grievance system. He therefore failed to exhaust his administrative remedies and his tort claim is without a basis in law. *See* Tex. Gov't Code Ann. § 500.002(d) (Vernon 1998); *Birdo v. Schwartzer*, 883 S.W.2d 386, 388 (Tex. App.-Waco 1994, no writ) (citing *Pedraza v. Tibbs*, 826 S.W.2d 695, 699 (Tex.App.-Houston [1st Dist.] 1992, pet. dism'd w.o.j.)). We affirm the trial court's dismissal of appellant's tort claim.

We sustain appellant's second issue as to the disciplinary action.

### III. Post Judgment Procedure— Issues Three, Four, and Five

■ In his third issue, appellant contends the trial court erred by not specifically stating the grounds for dismissal. We review a trial court's dismissal for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, alternatively, whether the trial court's actions were arbitrary or unreasonable based on the circumstances of the individual case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The fact that, under similar circumstances, an appellate court might decide a matter differently than did the trial court does not demonstrate that an abuse of discretion has occurred. *Id.* at 242. The burden of proof rests on the appellant asserting abuse of discretion to overcome the presumption that the action of the trial court was justified. *Federal Deposit Ins. Co. v. Kendrick*, 897 S.W.2d 476, 479 (Tex. App.-Amarillo 1995, no writ).

■ As noted above, Chapter 14 of the Texas Civil Practice and Remedies Code grants trial courts special power to summarily dismiss prisoner suits, even in the absence of a hearing. *Compare* Tex. Civ. Prac. Rem.Code Ann. § 14.003 (Vernon Supp.2002) *with Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630–31 (Tex.1999) (dismissal under Texas Rule of Civil Procedure 165a improper without giving notice of intent to dismiss stating grounds). We therefore hold the court's failure to specifically state the grounds for dismissal is not an abuse of discretion. Appellant's third issue is overruled.

In his fourth issue, appellant complains of the trial court's refusal to file findings of fact and conclusions of law. Appellant filed both an initial request and a Notice of Past Due Findings. However, Texas Rules of Civil Procedure 296 and 297 do not apply when a court dismisses a case under Chapter 14 of the Civil Practice and Remedies Code without holding a fact hearing. *See Timmons v. Luce,* 840 S.W.2d 582, 586 (Tex.App.-Tyler 1992, no writ) (holding no duty to file findings after dismissal of inmate suit under Chapter 13 of the Texas Civil Practice and Remedies Code). *See also Zimmerman v. Robinson,* 862 S.W.2d 162, 163 (Tex.App.-Amarillo 1993, no writ) (trial court has no duty to file findings of fact upon dismissing case for lack of subject matter jurisdiction).

As noted, if no fact hearing is held, the court's dismissal can only be affirmed if the prisoner's suit lacks a basis in law. *See Sawyer,* 983 S.W.2d at 311. In such a situation, the trial court is not acting as a fact finder. Therefore, as in a review of a summary judgment proceeding, the failure to file findings of fact must be harmless. *Timmons,* 840 S.W.2d at 586. *See also IKB Indus. v. Pro–Line Corp.,* 938 S.W.2d 440, 441–42 (Tex.1997) (citing *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994) (summary judgment proceeding)).[2] We overrule appellant's fourth issue.

In his fifth issue, appellant asserts the trial court clerk and this court failed to supplement the record with the backsides of the step one and step two grievance forms, notice of past due findings of fact,

and appellants motion for new trial, the last of which contains supporting affidavits. A supplemental record containing these items was filed in this court on August 28, 2001. Appellant's fifth issue is therefore overruled.

We reverse the judgment below in part and remand this case for further proceedings consistent with this opinion.

---

**2.** Even if we assume the trial court had a duty to file findings, the record affirmatively shows appellant suffered no injury. Because appellant's tort action is without a basis in law, no finding of fact could further this claim. *See* Tex. Gov't Code Ann. § 500.002(d) (failure to exhaust administrative remedies). As to appellant's claim for judicial review of the destruction of state property dispute, our reversal on grounds unrelated to the court's failure to file the requested findings provides appellant with greater relief than he would have been entitled to upon a successful challenge for failure to file findings. *See* Tex.R.App. P. 44.4 (usual remedy for failure to file findings is to abate appeal).