NO. 07-02-0390-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 7, 2004

______________________________

STEVEN C. SIMMONS,

  Appellant

v.

THE ESTATE OF RUTH WALLACE,

  Appellee

_______________________________

FROM THE COUNTY COURT AT LAW NO. 1  OF POTTER COUNTY;

NO. 22,558; HON. W.F. ROBERTS, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Steven C. Simmons (Simmons) appeals from a judgment entered against him awarding damages in favor of the administrator of the estate of Ruth E. Wallace, deceased.  In three issues, he challenges 1) the trial court’s award of sanctions against him and 2) the failure of the trial court to enforce a Rule 11 agreement between the parties.  We modify the judgment and affirm it as modified.

Background

Simmons, a lawyer, was originally appointed as the independent executor of the estate of Ruth Wallace, who died on July 1, 1992.  He was later removed as executor and replaced by Chuck Hester (Hester).  The latter sued Simmons on February 23, 2001, for declaratory relief and recovery of estate property which he claimed Simmons refused to relinquish.  He also sought damages for fraud and conversion.

  On January 22, 2002, the estate moved for sanctions against Simmons for his failure to attend his deposition, notice of which was afforded him. On February 27, 2002, a hearing was held on the motion for sanctions; Simmons did not appear at the proceeding.  As a result, the court entered an order on June 10, 2002, through which it struck the pleadings of Simmons, pronounced that judgment be entered on behalf of the estate, and awarded attorney’s fees.  Judgment was entered on the same day awarding Hester (on behalf of the estate) $126,461, prejudgment and post-judgment interest, attorney’s fees, and court costs. 

 Simmons timely moved for new trial.  He contended that the trial court’s findings of fact were not supported by the evidence, no notice was given of the trial court’s intent to enter a final judgment, and the amount of the judgment did not reflect all the payments made to the beneficiary and successor administrator of the estate.  

At the hearing on the motion for new trial held on September 16, 2002,
(footnote: 1) the parties represented they had reached a settlement.  The settlement purportedly consisted of an agreement to modify the judgment and provide for the recovery of $100,586 plus attorney’s fees.  The record does not reflect that any new trial was granted or modified judgment signed.    

Issue Two - Motion for New Trial

In his second issue, Simmons complains the trial court abused its discretion in failing to grant his motion for new trial because the parties had a valid Rule 11 agreement regarding the modification of the judgment or the granting of a new trial.  We overrule the issue in part and sustain the issue in part.

Pursuant to Rule 11 of the Texas Rules of Civil Procedure:

. . . no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Furthermore, a suit may be settled pursuant to this rule, as long as its requirements are satisfied.  
Padilla v. LaFrance, 
907 S.W.2d 454, 460 (Tex. 1995).  Yet, implicit in the scope of the rule is the need to arrive at an agreement.  That is, the parties to the supposed accord must agree upon its terms and conditions before Rule 11 can be of any benefit to them.  Simply put, if there is no agreement, then there is nothing to which Rule 11 can apply.  

According to the record before us, Hester represented the following to the trial court:

We’re going to enter into an agreement, Your Honor.  There is an agreement to modify this judgment to provide for recovery of $100,586 to be paid to Brad Finch – or for the benefit of Brad Russell Finch as the beneficiary of this estate.  The same attorney’s fees that are mentioned in the judgment will be awarded, $8,643, and any fees incurred for collection of the judgment, and payable to the law office of Peter Pratt will be in addition to the amount we’ve just announced, as payable to the estate for the benefit of . . . Finch.

We don’t know exactly what that fee will be at this point, but any fees will be payable by Mr. Simmons in addition to the $100,586 that we just announced

and the attorney’s fees.  And I will prepare an amended judgment to reflect 

that.

At that point, the trial court stated:

Okay.  Is that your agreement, Mr. Simmons?

Simmons replied:

Judge, it is.  
With the stipulation that the judgment that’s currently in effect will be either modified or a new trial granted
 and the new judgment entered, all of which I believe the Court still has jurisdiction to do.  And so for purposes of the agreement, there is an agreement that the new trial – my [motion for] new trial, which we’re here today on, would be granted and then the new judgment would be immediately entered in accordance with this agreement.

And so with Mr. Hester’s consent, I’ll send an agreed order granting the new trial – simple form – to him, and he’s going to prepare the new judgment and enter it like that, and it will only – it will – it will reflect an agreed judgment versus one that was entered pursuant to the Court sanctions.  
With those stipulations, I approve and agree to the agreement
.  

(Emphasis added).  After the court said “all right,” Hester uttered:

I don’t have any problem with the judgment reflecting this agreed judgment and being drawn in accordance with what we’ve talked about.

As can be seen from the foregoing exchange, Hester described the terms of a new judgment, and Simmons responded by indicating that the agreement described was acceptable so long as 
either
 the existing judgment was modified 
or
 a new trial was granted.  Thereafter, Hester said he had no “problem with the judgment reflecting this agreed judgment and being drawn in accordance with what we’ve talked about.”  Yet, on the point about granting a new trial, Hester remained silent.  Given this, the record discloses that Hester actually accepted one of the two options posed by Simmons, that option being the entry of a modified judgment.  There was no meeting of the minds or agreement regarding a new trial, however.    

Since all aspects of Rule 11 were satisfied (
i.e.
 an agreement of the parties made in open court and read into the record of the court) and the trial court acceded to the accord by saying “all right,” an enforceable Rule 11 agreement arose.
(footnote: 2)  Therefore, we sustain that portion of Simmons’ issue wherein he contends that the parties entered into a valid Rule 11 agreement but overrule that part wherein he contends that the agreement encompassed the granting of a new trial.  And, in our so holding, we have rendered moot the remaining issues.  Simply put, we need not determine whether the trial court’s sanctions and original judgment were enforceable since the dispute was resolved (or novated) through the execution of a valid Rule 11 agreement addressing Simmons’ liability.

Accordingly, we modify the judgment of the trial court to order that Simmons 1) pay to Hester, as administrator of the estate of Ruth Wallace, $100,586 and 2) assume the obligation to pay Peter Pratt for any and all attorney’s fees incurred in the collection of the judgment.  So too is the judgment modified to reflect that post-judgment interest shall accrue on the judgment at the rate of 10 % per annum from September 16, 2002, until paid.  Except as modified, the judgment is affirmed in all other respects.

Brian Quinn

   Justice 

êç Appellant

v.

GREGORY C. BOLAND, ET AL., 

Appellees

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 97,061-C; HON. ANA ESTEVEZ, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Luis S. Lagaite, Jr. (Lagaite) appeals the dismissal of his lawsuit against Gregory C. Boland, and other prison employees or officials.  Through four issues, Lagaite contends that the trial court erred by failing to allow him opportunity to amend his complaint, take his facts alleged as true, violated his constitutional rights by not holding a hearing on his suit and by refusing to consider the merits of his claims.  We reverse.

Background

The following allegations underlying Lagaite’s purported treatment by prison personnel were taken from his original petition.  We make no representation as to their accuracy.

Lagaite (appellant) is an inmate at the Clements unit of the Texas prison system.   On July 22, 2008, a search was performed by the defendants in this cause which resulted in Lagaite receiving disciplinary action for possessing unauthorized drugs, 
i.e.
 fifteen naproxen tablets.  According to his petition, he was the only one who received such action even though others were found to possess contraband.  Lagaite did not deny possessing the contraband.  Instead, he explained that the drug upset his stomach; so, when it was given to him he opted to keep rather than ingest it.  

Though no one else was disciplined even though contraband was found in their cells, a disciplinary proceeding was initiated against appellant and heard by the disciplinary officer, Gregory Boland.  The latter apparently concluded that appellant violated a prison rule or regulation and assessed punishment at forty-five days cell restriction, forty-five days recreation restriction, forty-five days commissary restriction, and loss of thirty days of good time.  Appellant was further demoted in privilege level from a blue to brown where he was not allowed television, radio and commissary privileges.  Upon receiving this punishment, he filed a grievance, alleging retaliation and the violation of his constitutional rights.  The grievance was denied October 1, 2008.  

On October 27, 2008, Legaite filed the suit at bar.  Through his petition, he alleged that the aforementioned punishment constituted retaliation for 1) his having previously filed a grievance against a prison nurse for dispensing his medicine by kicking it through the cell door and across the floor, 2) appealing Boland’s decision, and 3) for assisting another inmate in filing a grievance.  So too did he allege that Boland denied him a fair hearing by refusing to reduce the infraction to a minor one.  The punishment levied against him further and purportedly violated his right to be free of cruel and unusual punishment.  Though not included in the initial grievance heard by Boland, appellant also complained of the size of the desk given him.  It allegedly was too small for him to use for purposes of eating and drafting legal memoranda.  For relief, he sought a declaratory judgment, compensatory damages, punitive damages and injunctive relief. 

The trial court dismissed the matter via order signed on November 5, 2008, and before the issuance of service of process.  It did so after concluding that Lagaite sought to proceed as an indigent and that his claims were “frivolous and malicious.”  

Law and Analysis

Statute authorizes that a trial court can dismiss a lawsuit filed by an inmate who claims to be an indigent.  
Tex. Civ. Prac. & Rem. Code Ann
.
 §§14.002(a) & 14.003(a) (Vernon 2002).  Dismissal lies within the trial court’s discretion, 
Retzlaff v. Texas Dep’t of Criminal Justice, 
94 S.W.3d 650, 654 (Tex. App.– Houston [14
th
 Dist.] 2002, pet. denied), and may be founded on several grounds, one of which is the conclusion that the complaint is “frivolous and malicious.”  
Tex. Civ. Prac. & Rem. Code Ann. 
§14.003(a)(2).  In determining whether a suit falls within that category, the trial judge may consider whether 1) the claim's realistic chance of success is slight, 2) the claim has no arguable basis in law or in fact, 3) it is clear that the party cannot prove a set of facts in support of the claim, or 4) the claim is substantially similar to a previous one filed by the inmate.  
Id. 
§14.003(b).  Of these four grounds, the first three are addressed through answering whether the complaint "lacks an arguable basis in law or fact."  
Johnson v. Lynaugh
, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam).  We finally note that 
pro se
 petitions are to be liberally construed, and the allegations mentioned therein are to be taken as true.  
Wilson v. TDCJ-ID
, 268 S.W.3d 756, 758 (Tex. App.–Waco 2008, no pet.). 

Upon liberally reading Lagaite’s petition, we construe it as alleging a complaint arguably founded in the law.
(footnote: 1)  Prison officials cannot retaliate against a prisoner for the latter’s exercise of protected rights, and such rights include the ability to petition for redress of grievances.  
See Boxer X v. Harris
, 437 F.3d 1107, 1112 (11
th
 Cir. 2006) (stating that First Amendment 
rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment).  Given this, the trial court abused its discretion in dismissing the suit as frivolous and malicious, and we reverse and remand the cause.  Yet, in doing so, we do not address whether any of his other allegations contained in the petition have an arguable basis in the law.  Nor do we comment upon the ultimate viability of his complaints.  

Brian Quinn

          Chief Justice

FOOTNOTES
1:
The motion for new trial had already been overruled by operation of law at the time the hearing was held on the motion.  
 
See
  
Tex. R. Civ. P. 329
b(c) (holding if a motion for new trial is not determined by written order signed within 75 days after the judgment is signed, it shall be considered overruled by operation of law at the expiration of that period).   

2:
At oral argument, both parties represented that they remained willing to abide by the agreement reached in the trial court.

1: