Affirmed and Memorandum Opinion filed May 4, 2006









Affirmed and Memorandum Opinion filed May 4, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01088-CV

_______________

 

JOSEPH M. BURNETT, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, DOUGLAS DRETKE, PAMELA BAGGETT, JOHNNY THOMAS, MARCUS MUNSON, 

JAMES SOILEAU, AKBAR SHABAZZ, KEITH CLENDENNON, 

JIMMY McLAUGHLIN, F.N.U. LOPEZ, and KRISTY JETER,
Appellees

                                   
                                                                                                            

On Appeal from 12th District Court

Walker County, Texas

Trial Court Cause No. 22726

                                                          
                                                                                     

 

M
E M O R A N D U M   O P I N I O N

Joseph
M. Burnett, an inmate suing in forma pauperis, appeals the dismissal of
his lawsuit asserting tort and constitutional claims on various grounds.  We affirm.








On
July 6, 2004, Burnett filed this lawsuit against the Texas Department of
Criminal Justice and various others alleging: 
(1) damages under the Texas Tort Claims Act based on the negligent use
of tangible personal or real property; (2) violations of his constitutional
right to the free exercise of religion; (3) section 1983 violations; and (4)
violations of the Eighth Amendment=s prohibition of cruel and unusual
punishment because of Ahazardous asbestos conditions.@ 
The Office of the Attorney General filed an Amicus Curiae motion
to dismiss with the trial court.  The
trial court subsequently dismissed Burnett=s lawsuit (the Adismissal@), finding that his petition was
frivolous and failed to comply with the requirements of Chapter 14 of the Civil
Practice and Remedies Code (AChapter 14@).

We
review the trial court=s dismissal of an inmate=s claims under Chapter 14 for an abuse of discretion. 
Retzlaff v. Tex. Dep=t of Criminal Justice, 94 S.W.3d 650, 654 (Tex. App.BHouston [14th Dist .] 2002, pet.
denied).  A trial court abuses its
discretion when it acts without reference to any guiding rules and principles,
or its actions are arbitrary or unreasonable based on the circumstances of the
particular case. Id. An appellant bears the burden of overcoming the
presumption that the trial court=s action was justified. Id.

Burnett=s first issue challenges the
dismissal for failure to comply with the requirements of Chapter 14 on the
ground that Burnett could not find any rules or guidelines to support the trial
court=s dismissal of his claim.  However, because Burnett=s brief does not demonstrate that his
petition complied with those requirements, it fails to establish that the trial
court abused its discretion in dismissing his case on that basis.  Accordingly, his first issue is overruled.

Burnett=s second issue asserts that the trial
court erred in dismissing his claims as frivolous.  However, because his brief fails to provide
any explanation as to why his claims are not frivolous or legal authority to
support that conclusion, it affords no basis to conclude that his claims were
not frivolous.  Therefore, his second
issue is overruled.








Burnett=s third, fourth, and fifth issues
simply state various propositions of law without identifying, or associating
them with, any alleged errors made by the trial court.[1]  Because these issues thus present nothing for
our review, they are overruled, and the judgment of the trial court is
affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 4, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.











[1]           For
example, Burnett=s fifth issue states:

Deliberate
indifference means that prison officials know of and disregard a substantial
risk of serious harm of prisoners health. . . . 
AAsbestos,@ is
extremely AHazardous,@ . . .
.  Exposure to asbestos dust particles
can result in Mesothelioma, Asbestosis, and Lung Cancer.  The E.P.A. concluded that asbestos is a
potential carcinogen at all levels of exposure.

(citations
omitted).