Affirmed and Memorandum Opinion filed June 1, 2006









Affirmed
and Memorandum Opinion filed June 1, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01005-CV

____________

 

RICKIE LYNN GRAVES, Appellant

 

V.

 

JACKIE EDWARDS AND
FRANK HOKE,
Appellees

 



 

On Appeal from the 12th
District

Walker County, Texas

Trial Court Cause No. 22714

 



 

M E M O R A N D U M   O P I N I O N

Appellant Rickie Lynn Graves challenges
the trial court=s order dismissing his suit pursuant to
Chapter 14 of the Civil Practice and Remedies Code.  We affirm.








I.  Factual and Procedural Background

Appellant Rickie Lynn Graves is an inmate
in the Texas Department of Criminal Justice (ATDCJ@) Ellis Unit,
located in Huntsville, Texas.  On May 29,
2004, TDCJ officials suspended Graves=s access to the
law library through July 17, 2004 as a result of Graves=s improper storage
of library materials.  After filing a
grievance with TDCJ, Graves filed a pro se petition in a Walker County District
Court in an effort to compel appelleesCboth TDCJ
officialsCto reinstate his access to the law
library.  He also filed an application to
proceed in forma pauperis, and an affidavit listing his previous lawsuits.

On August 19, 2004, the State of Texas
Attorney General=s office filed a motion to dismiss on
appellees= behalf, arguing that Graves=s affidavit failed
to provide information required by section 14.004(a)(2) of the Civil Practice
and Remedies Code. 

On October 1, 2004, the trial court
considered the arguments on submission and granted the motion to dismiss.  This appeal ensued.

II.  Issues Presented

Graves presents three issues for our
review.  In his first and second issues,
he alleges the trial court improperly dismissed his cause of action.  In his third issue, he argues the trial court
Afailed to grant
his motion to proceed in forma pauperis on appeal.@

III.  Standard of Review








A trial court=s dismissal of an
inmate lawsuit brought pursuant to Chapter 14 is reviewed for an abuse of
discretion.  Hickman v. Adams, 35
S.W.3d 120, 123 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  The test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles or, alternatively, whether the trial court's
actions were arbitrary or unreasonable based on the circumstances of the
individual case.  Retzlaff v. Tex. Dep=t of Criminal
Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  The fact
that, under similar circumstances, an appellate court might decide a matter
differently than did the trial court does not demonstrate that an abuse of
discretion has occurred.  Id.  The burden of proof rests on the appellant
asserting abuse of discretion to overcome the presumption that the action of
the trial court was justified.  Id.

IV. Discussion

A.      Motion to
Dismiss

In his first issue, Graves asserts the
trial court erred when it dismissed his claim Awithout
determining if [he] had stated an arguable claim in fact with an arguable basis
in law sufficient to maintain his suit.@  In his second issue, Graves argues the trial
court erred in dismissing his claim pursuant to Chapter 14 because TDCJ failed
to provide him with a copy of the statute. 
Appellees respond that the trial court has broad discretion to dismiss
inmate suits filed in forma pauperis if the provisions of Chapter 14 are not
followed precisely.  

Section 14.004 of the Civil Practice and
Remedies Code requires an inmate seeking to proceed in forma pauperis to file a
separate affidavit or declaration describing each suit the inmate has
previously filed pro se, other than a suit under the Family Code.  The description must (a) state the operative
facts for which relief was sought; (b) list the case name, cause number, and
the court in which the suit was brought; (c) identify each party named in the
suit; and (d) state the result of the suit, including whether the suit was
dismissed as frivolous or malicious.  Tex. Civ. Prac. & Rem. Code ' 14.004(a)(2)
(West 2005).  These requirements were
enacted to allow the trial court to determine whether an inmate=s present claim is
similar to a previously-filed claim.  Bell
v. Tex. Dep=t of Criminal Justice, 962 S.W.2d 156,
157 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).








 Although Graves=s affidavit listed
five previous cases, the affidavit did not describe their operative facts.  Rather, Graves merely identified the basis of
the claim, such as Asuit for negligence@ or Asuit for personal
injury.@  Because Graves failed to comply with the
requirements of section 14.004, the trial court was within its discretion to
dismiss the case.

We conclude  the trial court=s order dismissing
Graves=s action was
neither arbitrary nor unreasonable and we overrule Graves=s first and second
issues.

B.      Request
to Proceed In Forma Pauperis on Appeal

In his third issue, Graves argues that the
trial court abused its discretion in failing to grant his motion to proceed in
forma pauperis on appeal.[1]   The procedure for establishing indigency on
appeal is outlined in Rule 20 of the Texas Rules of Appellate Procedure.  Rule 20.1(b) requires an appellant to file an
Aaffidavit of
indigence@ containing complete information about
eleven separate aspects of his financial status.  Graves=s AApplication to
Proceed In Forma Pauperis@ contains only a single paragraph alleging
his indigence and references an attached printout of the balance of his trust
account from a TDCJ computer screen. 
This affidavit is insufficient.  See
Johnson v. Harris County, No. 14-03-00992-CV, 2004 WL 306088, at *2 (Tex.
App.---Houston [14th Dist.] 2004, no pet.) (per curiam) (not designated for
publication) (finding affidavit insufficient when a non-sworn document merely
listed the eleven items from Rule 20.1(b) and answered them in the negative). Accordingly,
we overrule Graves=s third issue.

V.  Conclusion

We hold the trial court did not abuse its
discretion in dismissing Graves=s suit and affirm
the trial court=s judgment. 

 

/s/      Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 1, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.











[1]    Appellees did not respond to this issue.