COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-434-CV

DUANE B. HARRIS APPELLANT

V.

DON W. HARRIS, GAIL M. HARRIS, 

DOMINIQUE L. HARRIS, 

CHRISTIAN KNOWLES, AND 

CITICORP ELECTRONIC 

FINANCIAL SERVICES, INC. APPELLEES

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Appellant Duane B. Harris appeals the trial court’s order dismissing his lawsuit against Don W. Harris, Gail M. Harris, Dominique L. Harris, Christian Knowles, and Citicorp Electronic Financial Services, Inc. (collectively, appellees).  We affirm.

Appellant contends that the Harris appellees and Christian Knowles stole $28,000 from appellant’s bank account between 1992 and 1995, while appellant was incarcerated, and that Citicorp negligently or fraudulently allowed the thefts to occur.  In 2001, appellant filed the underlying suit, alleging claims for theft, misapplication of trust funds, misapplication of fiduciary property, and fraudulent use of identifying information.  The trial court dismissed the suit under section 14.003 of the civil practice and remedies code on the ground that appellant’s claims are frivolous because

• they are barred by the two- and four-year statutes of limitations; and

• appellant raised these same claims against the same defendants in cause no. 153-167602-97, styled “Duane B. Harris v. Don W. Harris, Gail M. Harris, Dominique L. Harris, and Christian Harris, et al.,” which was dismissed on December 3, 1998.
(footnote: 2)
 A trial court may dismiss an inmate’s civil lawsuit if the court finds that the claims in the suit are frivolous.
(footnote: 3)  In determining whether a claim is frivolous, the trial court may consider (1) whether the claim’s realistic chance for success is slight and (2) whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.
(footnote: 4)  

The statutes of limitations for appellants’ claims are either two or four years.
(footnote: 5)  In his answers to Citicorp’s interrogatories, appellant stated that appellees’ alleged conduct giving rise to his claims occurred between August 1992 and August 1995.  Appellant did not file suit until 2001, at least six years after the last of these dates.  Accordingly, appellants’ claims are barred on their face by the two- and four-year statutes of limitations.

Further, appellant does not challenge the trial court’s ruling that his claims are the same as those that were previously dismissed in cause no. 153-167602-97.  Therefore, for both of these reasons, we hold that the trial court properly concluded that appellants’ claims are frivolous.  We overrule appellants’ issues and affirm the trial court’s dismissal order.
(footnote: 6)
 PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  December 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003(a)–(b) (Vernon 2002).

3:
Id.
 §§ 14.002(a), .003(a)(2); 
Retzlaff v. Tex. Dep’t of Criminal Justice,
 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

4:
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003(b)(1).

5:
See id.
 § 16.003(a) (Vernon Supp. 2006) (providing a two-year statute of limitations for conversion of personal property and personal injury claims); 
id.
 §16.004(a)(4)–(5) (Vernon 2002) (providing a four-year statute of limitations for fraud and breach of fiduciary duty claims).

6:
See
 
Tex. R. App. P.
 43.2(a).