COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-434-CV

 

 

DUANE B. HARRIS                                                               APPELLANT

 

                                                   V.

 

DON W. HARRIS, GAIL M. HARRIS, 

DOMINIQUE L. HARRIS, 

CHRISTIAN KNOWLES, AND 

CITICORP ELECTRONIC 

FINANCIAL SERVICES,
INC.                                                   APPELLEES

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                   MEMORANDUM
OPINION[1]

 

Appellant Duane B. Harris
appeals the trial court=s order
dismissing his lawsuit against Don W. Harris, Gail M. Harris, Dominique L.
Harris, Christian Knowles, and Citicorp Electronic Financial Services, Inc.
(collectively, appellees).  We affirm.








Appellant contends that the
Harris appellees and Christian Knowles stole $28,000 from appellant=s bank account between 1992 and 1995, while appellant was
incarcerated, and that Citicorp negligently or fraudulently allowed the thefts
to occur.  In 2001, appellant filed the
underlying suit, alleging claims for theft, misapplication of trust funds, misapplication
of fiduciary property, and fraudulent use of identifying information.  The trial court dismissed the suit under
section 14.003 of the civil practice and remedies code on the ground that
appellant=s claims are
frivolous because

$      they are barred by the two- and four-year statutes of
limitations; and

 

$      appellant raised these same
claims against the same defendants in cause no. 153-167602-97, styled ADuane B. Harris v. Don W. Harris, Gail M. Harris, Dominique L. Harris,
and Christian Harris, et al.,@ which was dismissed on December 3, 1998.[2]








A trial court may dismiss an
inmate=s civil lawsuit if the court finds that the claims in the suit are
frivolous.[3]  In determining whether a claim is frivolous,
the trial court may consider (1) whether the claim=s realistic chance for success is slight and (2) whether the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.[4]  

The statutes of limitations
for appellants= claims are
either two or four years.[5]  In his answers to Citicorp=s interrogatories, appellant stated that appellees= alleged conduct giving rise to his claims occurred between August
1992 and August 1995.  Appellant did not
file suit until 2001, at least six years after the last of these dates.  Accordingly, appellants= claims are barred on their face by the two- and four-year statutes of
limitations.

Further, appellant does not
challenge the trial court=s ruling
that his claims are the same as those that were previously dismissed in cause
no. 153-167602-97.  Therefore, for both
of these reasons, we hold that the trial court properly concluded that
appellants= claims are
frivolous.  We overrule appellants= issues and affirm the trial court=s dismissal order.[6]

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DELIVERED:  December 7, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Civ. Prac. & Rem. Code Ann. '
14.003(a)B(b)
(Vernon 2002).





[3]Id. ''
14.002(a), .003(a)(2); Retzlaff v. Tex. Dep=t of
Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).





[4]Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b)(1).





[5]See
id. '
16.003(a) (Vernon Supp. 2006) (providing a two-year statute of limitations for
conversion of personal property and personal injury claims); id. '16.004(a)(4)B(5)
(Vernon 2002) (providing a four-year statute of limitations for fraud and
breach of fiduciary duty claims).





[6]See Tex. R. App. P. 43.2(a).