**Affirmed and Memorandum Opinion filed March 13, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00388-CV

## PRINCE KAMAL-MALIK MUHAMMED-EL AKA TERRY JEROME BECK-EL, Appellant

### V.

## KENNETH NEGBENEBOR, CYNTHIA D. TILLEY, AND MARK CLARKE, Appellees

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCV-185518**

## M E M O R A N D U M   O P I N I O N

In this inmate appeal, Prince Kamal-Malik Muhammed-El aka Terry Jerome Beck-El contends that the trial court erroneously dismissed his petition under Chapter 14 of the Texas Civil Practice & Remedies Code. In five issues, he asserts that appellees, employees of the Texas Department of Criminal Justice, unlawfully exerted dominion and control over his personal and legal property. Because appellant failed to comply with the procedural requirements of Chapter 14, we affirm.

## BACKGROUND

Appellant is an inmate housed in the Texas Department of Criminal Justice System. Appellant applied for a storage locker for his personal, legal, and religious property in January 2010. He alleges that he was advised to wait for approval of the storage locker. Appellant asserts that in September 2010, prison officials entered his cubicle while he was absent and took items from him on the grounds that they were improperly stored.

On October 26, 2010, appellant sued appellees, among others, seeking a temporary restraining order ("TRO"), actual and special damages for conversion, and fees and costs. He provided a sworn declaration of indigence and a declaration relating to previous filings. In his declaration of previous filings, he averred that he had filed a grievance for the claim subject to the suit, but he did not attach a copy of any written decisions regarding this grievance. He also did not attach a certified copy of his trust account statement.

The State Office of the Attorney General responded on behalf of appellees and filed a motion to dismiss appellant's claims under Chapter 14 of the Texas Civil Practice & Remedies Code. In the motion to dismiss, appellees asserted the following grounds:

- Appellant did not file a certified copy of his trust account statement;
- Appellant failed to file an adequate affidavit or declaration of previous filings;
- Appellant failed to establish that he fully exhausted his administrative remedies;
- Appellant failed to establish that the lawsuit was brought before the 31st day after he received a written decision from the grievance system; and
- Appellant's claims were frivolous or malicious.

Appellant supplemented his declaration relating to previous filings on December 30, 2010 with a certified copy of his trust account, which he asserted he had been unable to obtain earlier without a court order because prison officers were "hindering and hampering" his efforts to comply with Chapter 14.

2

The trial court granted appellees' motion to dismiss under Chapter 14 on February 10, 2011. The trial court specified in its dismissal order that appellant's claims were dismissed as frivolous "for failure to comply with Chapter 14 of the Texas Civil Practice[] and Remedies Code" and for "failure to comply with the mandatory requirement under section 14.005(b)."[1] In March 2011, appellant filed with the court copies of his Step 1 and Step 2 grievance decisions. His Step 1 Grievance decision was filed on September 16, 2010, and the written response denying his grievance was provided to him on October 7, 2010. His Step 2 Grievance was filed on October 8, 2010, and the written response denying his grievance was prepared on December 7, 2010 (the form does not indicate when it was provided to appellant). Appellant filed his notice of appeal on April 21, 2011, asserting that he did not receive notice of the dismissal of his claim until April 19, 2011.

## ANALYSIS

A court may dismiss an inmate claim if it finds the claim to be frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). A claim is frivolous if it has no basis in law or fact. *See id.* § 14.003(b)(2). Trial courts have broad discretion in determining whether a case should be dismissed under Chapter 14 because inmates have a strong incentive to litigate, the government bears the costs of an *in forma pauperis* suit, sanctions are not effective, and the dismissal of unmeritorious claims benefits state officials, courts, and meritorious claimants. *See Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court may dismiss a claim without conducting a fact hearing only if the claim has no arguable basis in law. *Id.* A claim has no arguable basis in law if an inmate has failed to exhaust his administrative remedies. *Id.*

---

[1] This subsection requires a court to dismiss a claim if the inmate fails to file it before the 31st day after the date the inmate receives the written decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (West 2002).

Here, as discussed above, appellant failed to establish that he had exhausted his administrative remedies. He neither filed an unsworn declaration stating the date his grievance was filed and the date he received the written decision, nor did he attach a copy of the written decision from the grievance system as required by Chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(2) ("An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code *shall* file with the court: (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and (2) a copy of the written decision from the grievance system." (emphasis added)). In fact, the record affirmatively demonstrates that, at the time appellant filed suit, he was involved in the grievance procedure for the claims advanced in this suit and had not yet received a final decision on his grievance: appellant sued appellees on October 26, 2010, but a written response to his Step 2 Grievance was not prepared until December 7, 2010. Accordingly, because appellant failed to exhaust his administrative remedies before suing appellees, his claim has no arguable legal basis. *See Retzlaff*, 94 S.W.3d at 653. As such, the trial court did not abuse its discretion in finding his claims frivolous and dismissing them. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003. We overrule appellant's five issues.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/     Adele Hedges
             Chief Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

4