# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00220-CV

**Juan Enriquez, Appellant**

**v.**

**Amalia Rodriguez-Mendoza, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-10-001558, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Juan Enriquez, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice who is appearing pro se and in forma pauperis, appeals the dismissal of his suit. Enriquez sued Amalia Rodriguez-Mendoza, the Travis County District Clerk, alleging a cause of action under 42 U.S.C. § 1983 and violations of the open courts provision of the Texas Constitution. *See* Tex. Const. art. I, § 13. Enriquez sought actual and exemplary damages as well as unspecified "declaratory and prospective equitable relief." The trial court granted Rodriguez-Mendoza's motion to dismiss the claims as frivolous pursuant to chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2012). Enriquez then brought this appeal contending that the trial court erred in dismissing his suit. We will affirm.

# BACKGROUND

Enriquez is an inmate confined to the Institutional Division of the Texas Department of Criminal Justice. Over the years, Enriquez has filed in Travis County district court numerous lawsuits against prison officials complaining of various conditions of his confinement. In the present case, however, Enriquez has sued the Travis County District Clerk, complaining generally of the manner in which his filings in other cases have been handled by the district clerk's office. Specifically, Enriquez alleges that:

- certain documents submitted to the clerk's office were not properly filed;

- the clerk's office failed to issue citations as requested by Enriquez in his filings;

- the clerk's office failed to issue subpoenas Enriquez has requested in order to compel witnesses to testify at hearings;

- the clerk's office failed to provide him with a copy of an order denying a request for injunctive relief in one of his cases and a copy of a final judgment in another;

- the clerk's office did not provide him timely notice of special judges assigned to prisoner lawsuits; and

- in each of at least four of his appeals, the district clerk's office failed to timely file the clerk's record with this Court and failed to provide Enriquez with a copy of the record.

In his petition, Enriquez asserted that these actions constituted violations of 42 U.S.C. § 1983 because they (1) deprived him of equal protection by treating him differently from other Travis County litigants without a rational basis, and (2) deprived him of due process and the right to access the courts, present evidence, and prosecute his lawsuits and appeals. Enriquez also alleged that the

district clerk's actions violated the open courts provision of the Texas Constitution. Finally, Enriquez asserted that the district clerk had violated state and federal law, which entitled him to unspecified "equitable relief." In his prayer for relief, Enriquez requested actual damages of $100,000, exemplary damages of $1,000,000, "nominal" damages of $5,000 and "declaratory and prospective equitable relief to which he may show himself entitled."

Rodriguez-Mendoza filed a motion to dismiss the suit pursuant to chapter 14 of the civil practice and remedies code, arguing that the suit was frivolous. In the alternative, Rodriquez-Mendoza requested dismissal for lack of subject-matter jurisdiction. The trial court held a hearing on the motion, at which Enriquez was present and provided testimony and argument. Following the hearing, the trial court signed an order reciting that the claims asserted against Rodriguez-Mendoza were frivolous and dismissing them. At the hearing, the trial court explained that because of her immunity, Enriquez's claims against Rodriguez-Mendoza had no realistic likelihood of success and that the court could not grant the declaratory and injunctive relief he requested. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (in determining whether claim is frivolous, court may consider whether there is realistic chance of ultimate success and whether claim has arguable basis in law). Enriquez perfected this appeal.

## DISCUSSION

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by inmates who declare themselves unable to pay costs. *Id.* § 14.002(a). Section 14.003 authorizes a trial court to dismiss an inmate's claim, filed in forma pauperis, if it finds "the claim is frivolous or malicious." *Id.* § 14.003(a)(2). In assessing whether a suit is frivolous or

3

malicious, a trial court may consider various factors, including whether the claim's realistic chance of ultimate success is slight and whether the claim has no arguable basis in law or fact. *Id.* We review the trial court's decision for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion if it acts unreasonably or without reference to any guiding rules or principles. *Id.* We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

It is apparent from the reporter's record of the hearing on Rodriguez-Mendoza's motion to dismiss that the trial court concluded that Enriquez's claims were frivolous because some were barred by Rodriguez-Mendoza's official immunity and by judicial immunity, and the remaining claims sought relief that the trial court was not legally permitted to grant. All of Enriquez's complaints were associated with the judicial process and with the manner in which Rodriguez-Mendoza performed—or allegedly failed to perform—her duties as Travis County District Clerk. Thus she was entitled to judicial immunity or derived judicial immunity—a form of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (recognizing absolute immunity from suits under 42 U.S.C. § 1983); *Martinez v. Hardy*, 864 S.W.2d 767, 772 (Tex. App.—Houston [14th Dist.] 1993, no writ) (district clerk protected by absolute immunity). Moreover, state officials are immune from suit arising from the good-faith performance of their discretionary duties as long as they are acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

4

There are, however exceptions to governmental immunity. Under the ultra vires exception, a request for prospective equitable and injunctive relief from illegal or unauthorized acts may be pursued under the Texas Declaratory Judgments Act. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). To invoke the ultra vires exception, it must be shown that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* at 372. Governmental immunity "does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 368-69; *see Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620, 623 (Tex. 2011). Under *Heinrich*, governmental immunity does not bar such ultra vires claims, but the only remedies available to a successful plaintiff are prospective declaratory and injunctive relief. *Id.* at 376, 380. In his first two issues, Enriquez asserts that because he asked for prospective injunctive and declaratory relief from illegal or unauthorized acts, the trial court erred in concluding that all his claims were frivolous. We disagree.

### *Injunctive Relief*

Enriquez's amended petition, the live pleading at the time of the dismissal, does not request any specific injunctive relief. In his brief, Enriquez similarly fails to identify what, if any, injunctive relief he is seeking. To the extent that Enriquez is seeking a general injunction requiring compliance with the law, such an injunction cannot be granted. *See Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *3 (Tex. App.—Texarkana Nov. 21, 2012, no pet. h.). An injunction must be definite, clear, and precise; it must inform the defendant of the acts restrained without calling on the defendant to make inferences. Tex. R. Civ. P. 683; *Webb v. Glenbrook*

5

*Owners Ass'n*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.). An injunction is not available to "prevent commission of wrongs not imminently threatened." *Webb*, 298 S.W.3d at 384. Enriquez has not specified any imminently threatened wrong; his allegations simply catalogue past events. Moreover, injunctive relief was not available unless Enriquez established that he had no adequate remedy at law. *See Lazarides v. Farris*, 367 S.W.3d 788, 803 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (party seeking injunctive relief preventing alleged ultra vires acts must plead and prove, among other things, existence of imminent harm, irreparable injury, and absence of adequate remedy at law). As the trial court noted at the hearing, if in the future the district clerk fails to comply with her duties, Enriquez may, as he has in other instances, bring the matter to the attention of the judge presiding over the proceeding. The trial court has the authority to ensure that the district clerk complies with her obligations. *See* Tex. Gov't Code Ann. § 21.001(a) (West 2004) (court has all powers necessary for the exercise of its jurisdiction and enforcement of its orders, including authority to issue writs and orders necessary or proper in aid of its jurisdiction). We cannot say that the trial court abused its discretion in concluding that Enriquez's claim for prospective injunctive relief was frivolous.

### *Declaratory Relief*

Enriquez's petition does not identify what declaratory relief he claims to be seeking. We read his brief to contend that he is seeking a declaration that Rodriguez-Mendoza's past actions were inconsistent with the governing statutes and rules. The ultra vires exception to immunity, however, only permits prospective, as opposed to retroactive, declaratory relief. *Heinrich*, 284 S.W.3d at 374-77. The Declaratory Judgments Act is "intended as a means of determining the

6

parties' rights when a controversy has arisen but before a wrong has been committed, and 'is preventative in nature.'" *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam). While Enriquez pleads numerous instances of alleged past acts in contravention of the governing statutes and rules, he does not request any prospective declaratory relief. His claim for retroactive declaratory relief is therefore barred by governmental immunity. *Heinrich*, 284 S.W.3d at 374-77. Again, we cannot conclude that the trial court abused its discretion in concluding that Enriquez's claim for declaratory relief was frivolous. We overrule Enriquez's first two appellate issues.

In his third issue, Enriquez argues that the trial court did not have discretion to dismiss his suit on the ground that it did not have subject-matter jurisdiction over the case without giving him an opportunity to amend his pleading. The order dismissing the case expressly states that the case was dismissed as frivolous pursuant to chapter fourteen of the civil practice and remedies code. Because the trial court did not dismiss the case for lack of subject-matter jurisdiction, we overrule Enriquez's third issue.

## CONCLUSION

Having overruled Enriquez's three appellate issues, we affirm the trial court's dismissal order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   February 1, 2013