**Affirmed and Memorandum Opinion filed March 27, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00953-CV

---

## GEORGE OLIVAREZ, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL INSTITUTIONS DIVISION, ET AL, Appellee

---

### On Appeal from the 412th District Court
### Brazoria County, Texas
### Trial Court Cause No. 69711I

---

## M E M O R A N D U M   O P I N I O N

Appellant George Olivarez sued the Texas Department of Criminal Justice (the "TDCJ") and several of its employees for breach of contract and fraud. In his sole issue on appeal, Olivarez argues that the trial court erred when it dismissed his lawsuit as frivolous. Because Olivarez failed to exhaust his administrative remedies, we affirm.

While Olivarez was an inmate at the Wayne Scott Unit in Brazoria County, Texas, another inmate poured boiling hot water into a plastic trash container. The container melted, and the boiling water escaped from the trash can, burning Olivarez's feet and ankles. In 2007, he sued the TDCJ and TDCJ employees under 42 U.S.C. § 1983 and the Texas Tort Claims Act, alleging that the TDCJ employees were deliberately indifferent when they failed to prevent the incident. Olivarez and the TDCJ settled the lawsuit for $500, payable to Olivarez's Inmate Trust Fund Account. The settlement was conditioned on the Governor's approval, which was to be evidenced by the issuance of a Treasury Warrant. The Texas Comptroller did issue a treasury warrant for five hundred dollars payable to appellant's Inmate Trust Fund Account on January 5, 2010.

On September 12, 2012, Olivarez sued the TDCJ and several TDCJ employees in Brazoria County for breach of contract and fraud, alleging that the TDCJ breached the settlement agreement, misrepresented facts about his right to receive the payment, and failed to disclose the existence of laws that could prevent him from receiving payment. The trial court dismissed Olivarez's case as frivolous without conducting a hearing. He timely appealed.

Inmate litigation is governed by chapter 14 of the Texas Civil Practice and Remedies Code. Under that chapter, a trial court can dismiss a claim if the trial court finds, as it did here, that the claim is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002). In making this determination, "the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id.* § 14.003(b). Normally, we review the trial court's decision to

dismiss a case under chapter 14 for an abuse of discretion. *Nabelek v. Dist. Attorney of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). However, when a trial court dismisses a case without a hearing, we can affirm only if the claim lacks an arguable basis in law, and our review of the trial court's decision is de novo. *Retzlaff*, 94 S.W.3d at 653. A claim has no arguable basis in law if (1) it is based on an indisputably meritless legal theory, (2) it is based on wholly incredible or irrational factual allegations, or (3) if the inmate failed to exhaust his administrative remedies. *Nabelek*, 290 S.W.3d at 228; *Retzlaff*, 94 S.W.3d at 653.

Olivarez's claim has no basis in law because he failed to exhaust his administrative remedies. Pursuant to Texas law, the TDCJ has established a system for resolving inmate grievances. *See* Tex. Gov't Code Ann. § 501.008(a) (West 2012); Tex. Dep't of Criminal Justice, *Offender Orientation Handbook* 52–54 (2004), *available at* http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf. A remedy provided by the grievance system is the inmate's exclusive remedy for claims that arise while the inmate is housed in a facility operated by the TDCJ or under contract with the TDCJ. Tex. Gov't Code Ann. § 501.008(a). An inmate cannot file a claim in state court for which the grievance system provides the exclusive remedy until (1) the inmate receives a written decision from the highest authority provided for in the grievance system or (2) the 180th day after the inmate filed the grievance if the inmate has not received the requisite written decision. *Id.* § 501.008(d). An inmate who files a claim in state court that is subject to the grievance system must file with the court an affidavit or unsworn declaration stating (1) the date the grievance was filed and (2) the date the inmate received the written decision. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1) (West 2002).

3

In addition to the requisite affidavit or unsworn declaration, an inmate must file with the court a copy of the written decision from the grievance system. *Id.* § 14.005(a)(2). Tort claims and breach-of-contract claims against the TDCJ and its employees are subject to the TDCJ's grievance system. *See* Tex. Gov't Code Ann. § 501.008(a) ("A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for *a claim for relief against the department . . . .*") (emphasis added); Tex. Dep't of Criminal Justice, *Offender Orientation Handbook* 53 ("actions of an employee" and "any other matter within the authority of the TDCJ" are subject to the Offender Grievance Procedure); *see, e.g.*, *Retzlaff*, 94 S.W.3d at 654 (upholding trial court's dismissal of inmate's personal injury claim because the inmate did not allege personal injury in his complaints before the grievance system); *Loper v. Johnson*, No. 09-97-00510-CV, 1998 WL 544881, at *2 (Tex. App.—Beaumont Aug. 27, 1998, pet. denied) (not designated for publication) (upholding trial court's dismissal of inmate's breach-of-contract and DTPA claims because the inmate failed to exhaust his administrative remedies).

Olivarez sued the TDCJ and TDCJ employees for breach of contract and fraud while he was an inmate at a facility operated by the TDCJ. He did not allege in his petition that he had exhausted his administrative remedies. He did not file the affidavit or declaration required by section 14.005 of the Civil Practice and Remedies Code, nor did he file a copy of the written decision. Based on our review of the record, we conclude that Olivarez's claims fall within the ambit of Government Code section 501.008(a) and that he has failed to exhaust his administrative remedies. As a result, Olivarez's breach-of-contract and tort claims have no basis in law. *See Retzlaff*, 94 S.W.3d at 654.

We overrule Olivarez's sole issue on appeal and affirm the trial court's dismissal of his claims.

/s/    Marc W. Brown
        Justice

Panel consists of Justices Boyce, Christopher, and Brown.