Robert King CONWAY, Jr., Appellant,

v.

Raynaldo CASTRO, Warden II, Richard Thompson III, Asst. Warden, Jason Jeaton, Asst. Warden, Ronald Fox, Major of Correctional Officers, Nelda Sanders, Correctional Officer IV, Martina Cordell, Correctional Officer V of The Texas Department of Criminal Justice—Institutional Division, Michael Unit, Appellees.

No. 14–08–00734–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 17, 2010.

Rehearing Overruled Sept. 2, 2010.

Robert King Conway, Jr., Tennessee Colony, for appellant.

Shanna E. Molinare, David Eugene Brice, Austin, for appellees.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION

JEFFREY V. BROWN, Justice.

Robert King Conway, an inmate in the Institutional Division of the Texas Department of Criminal Justice ("the Division"), appeals the dismissal of his pro se, in forma pauperis, action filed against the appellees who are all employees of the Division. In a single issue, Conway asserts the trial court abused its discretion in dismissing his causes of action with prejudice as frivolous for failure to meet the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

### I

On June 26, 2003, appellee Nelda Sanders, the supervisor of the craft shop at the Division's Michael Unit, notified Conway that his craft-shop privileges had been revoked and that he must send his craft-shop tools to someone outside the Michael Unit. Conway filed several grievances complaining about the taking of his tools, but received unsatisfactory responses. Division employees told him he must request that someone from outside the unit retrieve his tools or the tools would be destroyed. Conway asked his sister to pick up his tools; he testified that she kept the tools she could use, and disposed of the tools she did not recognize.

Conway later sued the appellees under 42 U.S.C. § 1983 alleging that their acts violated his rights to procedural due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and article I, section 19, of the Texas Constitution. He also alleged that the appellees committed conversion. Conway sued Raynaldo Castro in both his official and individual capacities, but sued the remaining appellees solely in their individual capacities. Without a hearing, the trial court determined the claims to be frivolous or malicious and dismissed Conway's suit with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.

Conway appealed the trial court's dismissal to the Twelfth Court of Appeals in Tyler. The Tyler court found that because Conway had an adequate post-deprivation remedy, he did not have a cause of action for a due-process violation under section 1983. *Conway v. Castro*, 12–03–00373–CV, 2004 WL 1103584, at *2 (Tex.App.-Tyler 2004, no pet.) (memo.op.). The Tyler court further held that the trial court erred in dismissing with prejudice Conway's causes of action for conversion and equal protection without holding a hearing. *Id.* at *3. The court of appeals affirmed the trial court's dismissal as to Conway's section–1983 claim against Raynaldo Castro in his official capacity and his claim for due-process violations asserted against all the

appellees in their individual capacities. The court reversed the dismissal as to Conway's claims for equal-protection violations and conversion as to all the appellees, and remanded to the trial court for further proceedings.

On August 30, 2005, the trial court held a hearing to determine whether Conway's conversion and equal-protection claims were frivolous or malicious pursuant to Chapter 14. At the hearing, Conway testified that he requested that his tools be stored in the craft shop when his craft-shop privileges were rescinded, but was forced to send the tools to his sister or risk having them destroyed. He further testified that he learned through inmate-to-inmate mail that the craft shops at the Robertson Unit and the Beto I Unit store tools for inmates whose privileges have been suspended rather than require the tools to be sent outside the unit. He argued that Administrative Directive 3.72 was being applied differently to him than it was to other inmates.

The State presented evidence that Conway lost his craft-shop privileges because he used another inmate's tools to produce craft-shop items for that inmate. The State categorized this offense as a "major disciplinary action" because Conway engaged in "traffic and trade." The State argued that none of the appellees converted Conway's tools because he was allowed to send his tools to his sister. The State further argued that Conway's equal-protection claim was frivolous because a mere violation of a Division policy does not constitute a constitutional violation. At the conclusion of the hearing, the trial court dismissed Conway's conversion claim as "frivolous or malicious," and ordered the case to "proceed under [the] equal[-]protection claim." The court further ordered discovery to proceed on the equal-protection claim.

After the trial court's ruling, the State argued that Conway had not met the requirement of section 14.004 of the Texas Civil Practice and Remedies Code because he failed to identify each suit previously brought as an inmate proceeding in forma pauperis. The trial court questioned Conway about a writ of habeas corpus filed in Beaumont, a case filed in Travis County, and several federal filings. Conway answered that he did not remember the filing in Beaumont, and the other filings were either listed in his unsworn declaration, or were filed after this suit was filed. The trial court decided to "leave its ruling as it has previously ruled," and ordered that discovery proceed on the equal-protection claim.

On September 7, 2005, Conway filed a request for discovery in which he sought (1) names, numbers, and unit assignments of other inmates who had been denied craft-shop privileges, (2) the reason for removal of privileges, (3) whether the inmates' tools were stored in the unit, or "somehow disposed of," (4) rules concerning removal of craft-shop privileges from all units with a craft shop, and (5) his craft-shop files beginning in 1987, including all tools purchased. On September 8, 2005, Conway filed an affidavit listing inmates similarly situated, *i.e.*, those who were the subject of a major disciplinary action, but were permitted to store their tools on the unit until privileges were reinstated.

On October 4, 2005, the appellees filed a motion to dismiss on the ground that Conway's equal-protection claim is frivolous because it lacks an arguable basis in law. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon 2002). The appellees argued that Conway's equal-protection claim fails because he cannot establish that he was treated differently than other similarly situated inmates without a reasonable

basis. Without holding another hearing, the trial court dismissed, with prejudice, both the conversion and the equal-protection claims as frivolous. From that dismissal order, Conway appealed. Pursuant to section 73.001 of the Texas Government Code, the Texas Supreme Court has transferred this cause from the Twelfth Court of Appeals to the Fourteenth Court of Appeals. Tex. Gov't Code Ann. § 73.001 (Vernon 2005).

## Chapter 14

██ Chapter 14 of the Civil Practice and Remedies Code applies to inmate litigation. See Tex. Civ. Prac. & Rem.Code Ann. §§ 14.001–14.014 (Vernon 2002). A court may dismiss a suit brought pursuant to that chapter before or after process is served if the court finds that the claim is frivolous or malicious. *Id.* at § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the statute provides that the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* at § 14.003(b). Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex.1999).

## Conversion

██ On appeal, Conway asserts the trial court abused its discretion in dismissing appellant's causes of action with prejudice as frivolous for failure to meet the requirements of Chapter 14. Review of a dismissal under Chapter 14 is generally controlled by the abuse-of-discretion standard. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). In his petition, Conway alleged that the actions of the appellees permanently deprived him of his personal property even though under Division rules he is entitled to be only temporarily deprived of his property. Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 210 (Tex.2002). At the hearing before the trial court, Conway stated that if he did not arrange for his tools to be delivered to someone outside the unit, the tools would be destroyed. He admitted that he asked his sister to retrieve his tools, and that she had kept some of them and disposed of some of them. Therefore, his sister, not the appellees, had dominion and control over his property. Because Conway's conversion cause of action lacks an arguable basis in fact, the trial court did not abuse its discretion in dismissing the conversion claim.

## Equal Protection

Conway also asserts an equal-protection claim in which he argues that inmates who are similarly situated have been treated differently than he has been treated. Specifically, he alleges that inmates in other units who have been removed from the craft shop due to major disciplinary cases have been permitted to store their tools in the unit until their privileges are restored. At the hearing, Conway referred to a Division policy of removing craft-shop tools from inmates when their privileges are suspended. The appellees maintain that the policy at the Michael Unit is to require an offender to send his tools home if he receives one major or two minor disciplinary cases.

Three months after the trial court ordered the equal-protection claim to proceed, the appellees filed another motion to dismiss Conway's cause of action. They

alleged that his equal-protection claim is frivolous because it lacks an arguable basis in law. Without holding another hearing, the trial court granted the State's motion.

Conway's suit against the appellees is based on 42 U.S.C. § 1983, which provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

■ The initial analysis in a section–1983 action is to determine whether (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■ Conway complains that the appellees' actions constituted a denial of his right to equal protection under the law. However, Conway has not cited any authority establishing that he has a right of access to the craft shop or the tools he used in the shop. Accordingly, Conway has not adequately alleged an equal-protection violation under section 1983. *Cf. Thomas v. Brown*, 927 S.W.2d 122, 125 (Tex.App.-Houston [14th Dist.] 1996, writ denied) (discussing section–1983 claim that inmate was denied access to courts).

What Conway has alleged is that Administrative Directive 3.72 has been unequally applied to inmates in different units. But the U.S. Supreme Court has expressly limited the ability of inmates to derive constitutionally protected rights from "prison regulations primarily designed to guide correctional officials in the administration of a prison." *Sandin v. Conner*, 515 U.S. 472, 481–82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The Court reasoned that permitting litigants to derive constitutional rights from prison regulations created "disincentives for States to codify prison[-]management procedures" that may otherwise protect inmates. *Id.* at 482, 115 S.Ct. 2293. Accordingly, the Court limited the scope of inmates' liberty interests to situations where the State "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. 2293.

Because Conway failed to present evidence that the appellees' actions deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States, the trial court properly dismissed his equal-protection claim. Conway's issue is overruled.

The judgment of the trial court is affirmed.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

Conway's equal-protection claim is not frivolous. The trial court abused its discretion in dismissing that claim with prejudice, and this court should reverse and remand. Because it does not, I respectfully dissent.

Following the hearing on August 30, 2005, the trial court originally ruled that Conway's claim under 42 U.S.C. § 1983 based on an alleged equal-protection violation ("equal-protection claim") was not frivolous and should proceed. However, in the process of discovery, the appellees

moved to dismiss Conway's equal-protection claim, asserting Conway's claim had no arguable basis in law or fact. Without holding another hearing, the trial court granted appellees' motion and dismissed Conway's equal-protection claim with prejudice.

Whether a claim has an arguable basis in law is a legal question to be reviewed de novo. *In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994); *Retzlaff v. Tex. Dep't of Crim. J.,* 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). A reviewing court must take the allegations in the inmate's petition as true and determine whether the inmate has alleged a claim that would authorize relief. For a claim to have no arguable basis in law, it must be based on an indisputably meritless legal theory or be based on wholly incredible or irrational factual allegations. *See Nabelek v. Dist. Attorney of Harris County,* 290 S.W.3d 222, 228 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Minix v. Gonzales,* 162 S.W.3d 635, 637 (Tex.App.-Houston [14th Dist.] 2005, no pet.). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *See Nabelek,* 290 S.W.3d at 228. If Conway's petition has an arguable basis in law and fact, then the trial court erred in dismissing it as frivolous. *See Retzlaff,* 94 S.W.3d at 654.

Because the trial court did not sustain any special exceptions against Conway's petition, this court must construe the petition liberally in Conway's favor. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000). In his petition, Conway alleges a section 1983 claim based on the appellees' alleged deprivation, under color of state law, of Conway's constitutional right to equal protection. To prove a violation of his constitutional right to equal protection, Conway must show: (1) that he was treated differently than other similarly situated parties, and (2) that he was treated differently without a reasonable basis. *See Conway v. Castro,* No. 12–03–00373–CV, 2004 WL 1103584, at *3 (Tex.App.-Tyler May 12, 2004, no pet.) (mem.op.); *Sanders v. Palunsky,* 36 S.W.3d 222, 225 (Tex.App.-Houston [14th Dist.] 2001, no pet.). As relevant in this case, Conway alleges that he was forced to give up his craft-shop tools when his craft-shop privileges were revoked after he received a major disciplinary case. Conway alleges that similarly situated inmates at the same unit and inmates at other units in the Texas Department of Criminal Justice–Institutional Division ("TDCJ–ID") were not forced to dispose of their tools when their craft-shop privileges were revoked after a major disciplinary case.

According to Conway's testimony at the hearing on August 30, 2005, he does not dispute that his privileges to the craft shop were revoked by Warden Castro after he received a major disciplinary case. However, he asserts that, because he was forced to dispose of his tools as a result of the revoked craft-shop privileges, he was treated differently than other inmates in the same unit and differently than inmates at other units in TDCJ–ID, none of whom Conway claims had to dispose of their tools when they similarly received major disciplinary cases. Conway testified that (1) the tools would be considered contraband in any other part of the unit except the craft shop; (2) at other units where he has had his craft-shop privileges revoked, he was allowed to recover his tools when those privileges were reinstated; and (3) at the same Michael Unit where he was housed in the previous two years, other inmates had received major disciplinary cases and lost their privileges to work in the craft shop; those inmates, however, were not required to dispose of their tools and subsequently were able to use their tools when they had their craft-shop privileges reinstated. Conway's privilege to

work in the craft shop was reinstated when Warden Moore became warden of the Michael Unit. Conway testified that upon reinstatement of these privileges, he could not bring in tools from outside the unit and would have to buy new tools.

Conway's claims are not based on wholly incredible or irrational factual allegations, and the majority has not stated or shown otherwise. Furthermore, Conway's claims are not based on an indisputably meritless legal theory.[1] Regardless of whether Conway would succeed on the merits, it is not indisputably meritless to claim, based on Conway's allegations, that appellees treated Conway differently than other similarly situated inmates without a reasonable basis for doing so. The majority does not assert otherwise; rather, the majority concludes that Conway failed to plead or prove a valid right that was violated. The majority states that Conway has not shown that he has a right of access to the craft shop or to his tools in the craft shop. The majority concludes that Conway does not have any constitutional right arising out of Administrative Directive 3.72. Presuming that the foregoing is correct, Conway still has a constitutional right to equal protection, and he claims that appellees have deprived him of this right. See Conway, 2004 WL 1103584, at *3. The appellees have not asserted that Conway was treated the same as similarly situated inmates, and the appellees have not asserted any alleged reasonable basis for treating Conway differently. Instead, the appellees argue that Conway has failed to meet

his burden of demonstrating that he was treated differently without a reasonable basis. This argument might be valid in a summary-judgment context. However, the trial court did not grant summary judgment; it dismissed the equal-protection claim as frivolous.[2]

The majority's analysis conflicts with the applicable legal standard. The only issue before this court is whether the claims asserted in Conway's petition are based on an indisputably meritless legal theory or on wholly incredible or irrational factual allegations. See Nabelek, 290 S.W.3d at 228; Minix, 162 S.W.3d at 637. Because Conway's claims are not so based, this court errs in affirming the trial court's dismissal of these claims as frivolous under section 14.003(a)(2) of the Texas Civil Practice and Remedies Code. See Elias v. DeLeon, No. 12–04–00143–CV, 2005 WL 2404113, at *2 (Tex.App.-Tyler Sept. 30, 2005, no pet.) (mem.op.) (holding that prison inmate's petition asserting conversion claim had an arguable basis in law); Minix, 162 S.W.3d at 639 (holding that prison inmate's petition asserting Theft Liability Act claim against two correctional officers in their individual capacities had an arguable basis in law); Retzlaff, 94 S.W.3d at 654 (holding that prison inmate's petition for judicial review of prison disciplinary proceeding had arguable basis in law).

This court should reverse the trial court's order dismissing Conway's equal-protection claim as frivolous under section 14.003(a)(2) of the Texas Civil Practice and

---

1. The majority relies on Sandin v. Conner, 515 U.S. 472, 481–82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Sandin holds that prison regulations do not give rise to due process rights. Id. at 483, 115 S.Ct. at 2300. However, the case at hand involves an equal-protection claim, not an alleged deprivation of due process.

2. The majority also bases its decision on Conway's alleged failure "to *present evidence* that

the appellees' actions deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States." *See ante* at p. 562 (emphasis added). Conway did not have to raise a fact issue on the essential elements of his claim to avoid a finding of frivolousness. *See Nabelek,* 290 S.W.3d at 228; *Minix,* 162 S.W.3d at 637.

Remedies Code, and remand for further proceedings.