

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00077-CV

Juan **ENRIQUEZ**,
Appellant

v.

Oliver **BELL**, in his Official Capacity as Chairman of the Texas Board of Criminal Justice; Brad Livingston, in his Official Capacity as Executive Director of the Texas Department of Criminal Justice; Rick Thaler, in his Official Capacity as Director of the Texas Department of Criminal Justice; Becky Price, in her Official Capacity as Assistant Director of Classification and Records of the Texas Department of Criminal Justice; and Todd Foxworth, in his Official Capacity as Warden of the Texas Department of Criminal Justice's Michael Unit,
Appellees

From the 250th District Court, Travis County, Texas
Trial Court No. D-1-GN-11-003703
The Honorable Scott H. Jenkins, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  December 11, 2013

AFFIRMED

Juan Enriquez, an inmate of the Texas Department of Criminal Justice Correctional Institutions Division, who is appearing pro se and *in forma pauperis*, appeals the dismissal of his lawsuit. Appellant sued Oliver Bell, Brad Livingston, Rick Thaler, Becky Price, and Todd Foxworth, in their official capacities as officials of the Texas Department of Criminal Justice (TDCJ) and Texas Board of Criminal Justice (TBCJ) (collectively "appellees"), alleging causes of

action under 42 U.S.C. § 1983 and under the Texas and United States Constitutions. The trial court dismissed the suit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

## BACKGROUND

On October 19, 1966, appellant was convicted of murder with malice in Karnes County and sentenced to death. On February 14, 1968, the Texas Court of Criminal Appeals affirmed the conviction. *Enriquez v. State*, 429 S.W.2d 141, 145 (Tex. Crim. App. 1968). In 1969, appellant was also convicted of four counts of murder and was sentenced to ninety-nine years' imprisonment for each count. Three of these convictions were in Nueces County and one was in Wilson County. In 1972, the United States Supreme Court declared that, under the circumstances of the cases under review, the death penalty constituted cruel and unusual punishment and remanded the cases to their respective state courts, one of which was Texas, for further proceedings. *Furman v. Georgia*, 408 U.S. 238, 239–40 (1972). In response to this mandate, Governor Preston Smith commuted appellant's death sentence to life in prison.

In May 2006, appellant filed a petition for writ of habeas corpus in federal district court contending he was being illegally confined beyond the discharge of the three Nueces County ninety-nine year sentences. While the petition was pending, officials with the Texas Department of Criminal Justice signed certificates retroactively discharging the three Nueces County sentences as of November 18, 2002. The respondent then moved to dismiss appellant's habeas petition for lack of jurisdiction on the ground that appellant was no longer being confined pursuant to the Nueces County sentences. The court granted the motion to dismiss. Although the ninety-nine year sentences were discharged, appellant remained in custody pursuant to the commuted life sentence received in the Karnes County case.

In August 2008, appellant filed a document entitled "Motion for Nunc Pro Tunc Pronouncement of Sentence" in Karnes County district court. In his motion, appellant requested the court formally "pronounce the sentence granted to [him] by the Governor of Texas." The trial court held a hearing, at the conclusion of which it pronounced, as an order of the court, that "[appellant] is hereby sentenced to life imprisonment in the Texas Department of Criminal Justice; the Institutional Division as it is currently called. And the Court hereby remands [appellant] to the custody of the Sheriff of Karnes County to carry out the terms of this sentence." The district court then signed a document entitled "Sentence" in conformity with its oral pronouncement in open court. On appeal, this court vacated the district court's "Sentence," holding that, after a commutation, no additional court action is necessary to effectuate the commuted punishment. *Enriquez v. State*, No. 04-10-00071-CR, 2011 WL 2637370, at \*1 (Tex. App.—San Antonio July 6, 2011, pet. ref'd). This court concluded appellant was incorrect in insisting the Karnes County district court was required to formally pronounce a sentence following the Governor's commutation of his death sentence to life imprisonment. *Id.*

In June 2009, appellant filed suit in Travis County alleging appellees violated his rights to due process and equal protection by confining him without the commitment warrant required by articles 42.02 and 42.09 of the Texas Code of Criminal Procedure. Appellees filed a motion to dismiss the suit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. After conducting a non-evidentiary hearing on the motion, the court provided appellant an opportunity to amend his petition to allege a claim that had an arguable basis in law. Appellant filed an amended petition in November 2011. In December 2011, after a second non-evidentiary hearing on the State officials' motion to dismiss appellant's suit, the court signed an order dismissing the suit as frivolous pursuant to Chapter 14. The Third Court of Appeals affirmed the

trial court's dismissal order. *Enriquez v. Crain*, No. 03-12-00065-CV, 2013 WL 4056187, at *6 (Tex. App.—Austin Aug. 7, 2013, no pet.) (mem. op.).

Appellant filed his original petition in the underlying proceeding asserting causes of action under 42 U.S.C. § 1983 alleging appellees violated his right to due process by depriving him of his "right to be free from classification as convicted of any offense but the one which he was legally convicted," and of his "state and federal right to be free from cruel and unusual punishment by subjecting him to punishment for a degree of offense and sentence which did not attach to his offense and for which he received clemency." Appellant also asserted a claim for equitable relief under the Texas and United States Constitutions alleging appellees "acted in violation of state law by failing and/or refusing to comply with *Ex parte Enriquez*,[1] which directed [appellees'] predecessors to treat the life sentence granted to [appellant] by the Governor as if it was originally imposed."

## STANDARD OF REVIEW

Litigation where an inmate files an affidavit or unsworn declaration of inability to pay costs is governed by certain procedural rules set out in Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002). The procedural requirements placed on suits by indigent inmates under Chapter 14 are designed to control the flood of frivolous suits filed in the courts of this state by prison inmates. *Simmonds v. Harrison*, 387 S.W.3d 812, 814 (Tex. App.—Eastland 2012, no pet.). Chapter 14 allows a trial court to dismiss a suit filed by an inmate if the court finds the suit is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE § 14.003. In determining whether a claim is frivolous or malicious, the trial court may consider whether:

---

[1] *Ex parte Enriquez*, 490 S.W.2d 546 (Tex. Crim. App. 1973).

> (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id*. § 14.003(b). Trial courts are given broad discretion in determining whether a case should be dismissed because "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). However, an inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Conway v. Castro*, 321 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

A trial court's dismissal of an inmate's suit pursuant to Chapter 14 is reviewed under an abuse of discretion standard. *Retzlaff*, 94 S.W.3d at 654. The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or whether the trial court's action were arbitrary and unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). However, when a lawsuit is dismissed as frivolous for having no basis in law, we review under a *de novo* standard. *Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). We review appellant's lawsuit *de novo* only to determine whether it had an arguable basis in law. *Id*. A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In conducting our *de novo* review, we examine an inmate's petition, and decide, as a matter of law, whether it stated a cause of action that would authorize relief. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

**MOTION TO DISMISS**

In his first issue, appellant contends the trial court erred when it dismissed his suit as frivolous because his claims have an arguable basis in law. In his section 1983 claim, appellant sued appellees in their official capacities as officials of the TDCJ and TBCJ seeking actual damages of $1 million and exemplary damages of $50 million. With respect to appellant's section 1983 claim, the United States Supreme Court has held that neither a state, nor its officials, while acting in their official capacity, are "persons" who may be liable for damages under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harrison v. Tex. Dep't of Criminal Justice*, 915 S.W.2d 882, 889 (Tex. App.—Houston [1st Dist.] 1995, no writ). Accordingly, we conclude appellant cannot maintain his section 1983 claim against the appellees, who were all sued in their official capacity.

In his second claim, appellant seeks to enjoin the appellees' future violations of "failing or refusing to have his life sentence treated as if it was originally imposed." Appellant's petition states he is challenging the classification of his conviction as a capital murder under Texas Penal Code section 19.03, arguing it should instead be classified as a non-capital murder under section 19.02. As a result, appellant contends he endured (1) emotional distress, embarrassment, and humiliation; (2) denial of educational opportunities; (3) physical injury and harm; (4) denial of medical treatment; and (5) denial of certain statutory privileges. Liberally construing appellant's complaint, it appears his argument is that he was denied a certain internal TDCJ inmate classification and denial of such a classification constituted a violation of his constitutionally protected rights.

Appellant asserts his claim has an arguable basis in law under *Bohannan v. Texas*, "which sustained Bohannan's claim that the [TBCJ] exceeded its statutory [authority, and was] not frivolous." In *Bohannan*, an inmate sued the TBCJ and TDCJ challenging the policy that

eliminated restoration of good conduct time credits after revocation of mandatory supervision. *Bohannan v. Tex. Bd. of Criminal Justice*, 942 S.W.2d 113, 115 (Tex. App.—Austin 1997, writ denied).  Bohannan complained the trial court's dismissal based on sovereign immunity was improper because his claim that the TBCJ acted outside its authority was not precluded on sovereign immunity grounds.  *Id*. at 119.  The State's motion to dismiss, upon which dismissal was granted, failed to address this argument.  *Id*.  The Court of Criminal Appeals held Bohannan's construction of the statutes at issue was not "indisputably meritless."  *Id*.  Appellant's reliance on *Bohannan* is unpersuasive.  Here, appellant's claim does not involve restoration of good conduct time credits, nor has the State failed to address appellant's argument that his claim has an arguable basis in law.  Consequently, appellant's claim is not "indisputably meritless" on the same grounds as *Bohannan*, and *Bohannan* does not support appellant's assertion that his claim has an arguable basis in law.

An internal TDCJ inmate classification is an administrative procedure or decision that applies to an inmate.  *See Hale v. TDCJ-CID*, No. 13-04-415-CV, 2006 WL 2327784, at *1 (Tex. App.—Corpus Christi Aug. 10, 2006, no pet.) (mem. op).  A person may obtain judicial review of an administrative decision only if the right to judicial review is provided by statute, or if the decision violates a constitutional right.  *See Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007).  In assessing whether an internal inmate classification constitutes a constitutional right, the Fifth Circuit has held that prison systems have broad discretion in the internal classification of inmates, and courts should not interfere with classification decisions except in extreme circumstances.  *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971).  The Fifth Circuit has also refused to recognize a protectable property or liberty interest in internal inmate classifications.  *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir. 1988).  Thus, denial of a request for a particular internal TDCJ inmate

classification does not constitute a violation of a constitutional right, and appellant's second claim is valid only if judicial review is provided by statute.

"A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . . ." TEX. GOV'T CODE ANN. § 2001.171 (West 2008). However, this right to judicial review "does not apply to a rule or internal procedure of the [TDCJ] . . . that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure." *Id*. § 2001.226.

On appeal, the State does not allege appellant did not exhaust his administrative remedies. Therefore, although appellant's administrative remedies may have been exhausted and he was aggrieved by a state agency's final administrative decision, judicial review is not available to his claim challenging the denial of a particular internal TDCJ inmate classification. *See Tex. Dep't of Protective & Regulatory Svcs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 197 (Tex. 2004). Additionally, appellant "may not seek to do indirectly what he cannot do directly" by "sidestepping" section 2001.226's prohibition by seeking "declaratory and prospective injunctive relief" under the Texas and United States Constitutions where there is no violation of a constitutional right. *See Bohannan*, 942 S.W.2d at 117. Because appellant failed to present a valid cause of action, we conclude the trial court did not err by dismissing appellant's suit as frivolous.

## MOTION TO RECUSE

In his second issue, appellant challenges the trial court's order denying his motion to recuse Judge Scott Jenkins from presiding over his suit against appellees. The order was signed by Judge

Gus Strauss. Appellant argues Judge Strauss abused his discretion by failing to remove Judge Jenkins on the ground that Judge Jenkins had "information of the prior lawsuits before him."[2]

A judge must recuse in any proceeding in which the judge has personal knowledge of disputed evidentiary facts concerning the proceeding. TEX. R. CIV. P. 18b(b)(2). Appellant does not claim Judge Jenkins had any personal knowledge of "disputed evidentiary facts of the proceeding." Appellant cites no case law or statute supporting his reasoning that Judge Strauss abused his discretion, and his only evidence in support of his argument are his assertions made during the recusal hearing where he stated Judge Jenkins may have heard some preliminary matters in one of appellant's other cases. Accordingly, we conclude Judge Strauss did not act arbitrarily, unreasonably, or without reference to any guiding rules and principles by denying appellant's motion to recuse.

## REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his third issue, appellant complains the trial court had a mandatory duty to file findings of fact and conclusions of law, but failed to do so.

"In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296. Although Rule 296 requires a trial court to file its findings of facts and conclusions of law, findings and conclusions are not required when a judgment is rendered as a matter of law. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *see also Walker v. Hardin*, No. 04-03-00864-CV, 2005 WL 899926, at *1 (Tex. App.—San Antonio April 20, 2005, no pet.) (mem. op.) ("The [Texas] [S]upreme [C]ourt has stated that findings of fact and conclusions of

---

[2] In its reply, the State argues Judge Strauss was not biased or prejudiced (Rule 18b(b)(2)). The State does not address appellant's argument regarding personal knowledge of disputed evidentiary facts (Rule 18b(b)(3)). We address appellant's Rule 18b(b)(3) argument only.

law have no purpose and should not be requested, made, or considered in proceedings in which a judgment was rendered as a matter of law."). Here, the trial court dismissed appellant's suit as frivolous. A suit dismissed as frivolous has no arguable basis in law. *See Sawyer*, 983 S.W.2d at 311. "To determine whether a trial court properly determined there is no arguable basis in law for a claim, 'we examine the types of relief and causes of action appellant [pled] in his petition to determine whether, *as a matter of law*, the petition stated a cause of action that would authorize relief." *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (citing *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied)) (emphasis added). Because appellant failed to plead a cause of action that would authorize relief, his suit was frivolous as a matter of law. Consequently, the trial court was not required to file findings of fact and conclusions of law.

## CONCLUSION

We conclude the trial court did not err when it dismissed appellant's suit as frivolous, did not abuse its discretion when it denied appellant's motion to recuse, and was not required to issue findings of fact and conclusions of law. Therefore, we affirm the trial court's orders.

Sandee Bryan Marion, Justice