# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00422-CV

**Patrick Earl Conely, Appellant**

**v.**

**Texas Board of Criminal Justice et al., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-07-001319, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Patrick Earl Conely, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, who is appearing pro se and in forma pauperis, appeals the dismissal of his suit. Because we conclude that the trial court did not abuse its discretion in dismissing Conely's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, we will affirm. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002).

## FACTUAL AND PROCEDURAL BACKGROUND

Conely filed suit in district court under 42 U.S.C. § 1983 alleging that members of the McConnell Unit grievance staff had denied him access to courts and access to the prison's grievance process by "trashing" various grievances he had filed. In his petition, Conely contended that the refusal to process his grievances was in retaliation for past grievances and a lawsuit he had filed against McConnell Unit staff members. Conely alleged violations of his constitutional

rights to be free from retaliation and to have access to the courts. Conely also claimed that his Eighth Amendment rights were violated when certain unnamed prison officials kicked him in the ribs, side, and stomach "for about thirty seconds" and punched him in the eye several times. He asserted that the "assaults were unprovoked and thus, unnecessary" and constituted cruel and unusual treatment.

The defendants filed a motion to dismiss the suit pursuant to section 14.003 of the civil practice and remedies code because the claims asserted had no arguable basis in law. *See id.* § 14.003(b)(2). The district court held a hearing at which he heard argument from counsel for the defendants and from Conely. Thereafter, the court signed an order dismissing Conely's claims "as frivolous, for failure to comply with the requirements of Chapter Fourteen of the Civil Practice and Remedies Code." This appeal followed.

## DISCUSSION

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by inmates who declare themselves unable to pay costs. *Id.* § 14.002(a). Section 14.003 authorizes a trial court to dismiss an inmate claim, filed in forma pauperis, either before or after service of process occurs, if it finds the claim to be frivolous. *Id.* § 14.003(a)(2). A claim is frivolous if it has no basis in law or in fact. *See id.* § 14.003(b)(2). A claim is considered to have no arguable basis in law if a prisoner has failed to exhaust his administrative remedies. *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also* Tex. Gov't Code Ann. § 501.008(d) (West 2004) (requiring inmates to exhaust grievance process before pursuing claim in court); Tex. Civ. Prac. & Rem. Code Ann. § 14.005

2

(referencing government code section 501.008(d)). A claim is also considered to have no arguable basis in law when either the legal theory on which it is based is indisputably meritless or the factual allegations on which it is based are wholly incredible or irrational. *Nabelek v. District Att'y of Harris County*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

We review dismissal under chapter 14 for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion if it acts unreasonably or without reference to any guiding rules or principles. *Id.* We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff*, 94 S.W.3d at 653. In conducting our review, we take as true the allegations in the plaintiff's petition. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We examine the claims asserted and the relief requested to determine whether the petition stated a cause of action that could authorize relief. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). A pro se inmate's petition should be viewed with liberality and patience and is generally not held to the stringent standards applied to pleadings drafted by attorneys. *Minix*, 162 S.W.3d at 637 (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

In his second appellate issue, Conely contends that dismissal was improper because he asserted viable claims for deprivation of his "liberty interest in the TDCJ procedure" and

3

violations of his "First Amendment right of access to the courts." With regard to the alleged deprivation of a "liberty interest," Conely alleges that it resulted from the grievance unit's improper investigation of its own alleged misconduct. In his brief, Conely states that he "showed in his petition where on several occasions defendants investigated their own official misconduct or the grievances he submitted against them and not surprisingly, denied those grievances." We understand Conely to challenge the outcome of certain grievance proceedings. However, Conely has no protected liberty interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The trial court did not err in concluding that Conely failed to allege a deprivation of any protected liberty interest.

With regard to the alleged violation of his right of access to courts, Conely's petition states that, in retaliation for his having filed numerous grievances and lawsuits against members of the McConnell Unit grievance staff, the McConnell Unit grievance staff "trashed his document in order to have [grievance staff members] exonerated from grievant's complaint and in order to deny grievant adequate access to the grievance process." According to Conely, the trial court erred in dismissing his complaint because his constitutional right of access to the courts encompasses the right to file administrative grievances. Interference with the right of access to courts, however, is actionable under section 1983 only where the inmate demonstrates "actual injury stemming from defendants' unconstitutional conduct." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Conely seems to assert that he was injured by the failure to process his grievances because he is required to exhaust his administrative remedies before he can bring any claims in the district court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (inmate who files claim subject to grievance

4

system established under government code section 501.008 must file affidavit or unsworn declaration stating date grievance was filed); *Brewer v. Simental*, 268 S.W.3d 763, 769 (Tex. App.—Amarillo 2009, no pet.) (purpose of statute requiring inmate to file affidavit regarding grievances is to allow trial court to ensure that inmate proceeding in forma pauperis has first used Department of Criminal Justice's grievance procedure and has exhausted his administrative remedies). This argument is without merit because if an inmate has filed a grievance and does not receive a written decision issued by the highest authority in the grievance system, he may file a claim in state court on the 180th day after the grievance was filed. *See* Tex. Gov't Code Ann. § 501.008(d). Any failure to process Conely's timely filed grievances therefore would not deprive him of the right to assert claims arising from the same operative facts in district court. Thus, there is no "actual injury" to Conely stemming from the grievance unit's failure to process his grievances, and the trial court did not err in concluding that Conely failed to assert a claim for interference with the right to access to courts actionable under section 1983. We overrule Conely's second appellate issue.

In his first appellate issue, Conely asserts that the trial court erred by dismissing his section 1983 retaliation claim. Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct, and a violation of this right is actionable under 42 U.S.C § 1983. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To prevail on a section 1983 retaliation claim, an inmate must be able to establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for exercising that right; (3) a retaliatory adverse act; and (4) causation, i.e., a showing that "but for the retaliatory motive, the complained of incident

5

would not have occurred." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006), *cert. denied*, 549 U.S. 1038 (2006) (adopting *de minimis* standard in retaliation claims because it achieves proper balance between need to recognize valid retaliation claims and danger of courts "embroiling themselves in every disciplinary act that occurs in state penal institutions"). Inconsequential actions, even if retaliatory, are not sufficient to support a retaliation claim. *Id.* A retaliation claim fails if the complained-of act, though motivated by retaliatory intent, is so *de minimis* that it would not deter the ordinary person from further exercise of his rights. *Id.*

In his brief, Conely argues that his petition set forth a chronology of events from which it might plausibly be inferred that Conely's past grievances and lawsuits "filed against defendants prior to their actions . . . denotes a motive as to why defendants would trash his grievance and/or deny him access to the grievance procedure." We conclude that the alleged retaliatory act is inconsequential and did not deter Conely from further exercising his constitutional rights to file grievances and lawsuits. As explained above, any failure to process Conely's grievances would not impair his right to file suit in district court. *See* Tex. Gov't Code Ann. § 501.008(d). And as evidenced by this proceeding, defendants' actions plainly have not deterred Conely from continuing

6

to exercise his constitutional rights.[1]  The trial court did not err in concluding that Conely did not state a valid claim for retaliation.  We overrule Conely's first appellate issue.

In his third issue, Conely contends that the trial court erred in dismissing his section 1983 excessive-force claim.  In his original petition, Conely alleged that after he learned that a close friend had been killed, prison officials denied his request to make an emergency phone call.  Conely claims that he became depressed and "sliced his arm with a razor."  Conely alleged that after he cut himself, several unidentified prison officials wearing masks wrestled him to the ground, kicked him in the ribs, side, and stomach for about 30 seconds, and punched him in the eyes several times.  According to Conely, the attack was unprovoked and unnecessary, subjecting him to cruel and unusual punishment in violation of his Eighth Amendment rights.

Conely contends that the allegations in his petition raise an excessive-use-of-force claim.  However, because Conely has not complied with the procedural requirements set forth in chapter 14 with respect to this claim, we cannot conclude that the trial court's dismissal of the claim was an abuse of discretion.  Subsection 14.005(a) provides that an inmate who files a claim subject to the TDCJ grievance system must file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written decision described by government code section 501.008(d).  Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a);  *see* Tex. Gov't Code Ann. § 501.008(d) (inmate may not file claim until he receives written decision issued by highest authority

---

[1] We recognize that the analysis is, at the least, not wholly subjective and that in circumstances in which the retaliatory acts are sufficiently severe they may even cause an inmate to challenge the retaliatory conditions themselves in an attempt to avoid future retaliation.  In such instances, an inmate's subsequent use of the grievance process does not tend to establish that the retaliatory act was *de minimis*.  *See Bibbs v. Early*, 541 F.3d 267, 272 (5th Cir. 2008).

provided for in grievance system or, if inmate has not received written decision, until 180th day after date grievance is filed). The section also states that the inmate shall file with the court a copy of the written decision from the grievance system. *Id.* If an inmate does not strictly comply with section 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Brewer*, 268 S.W.3d at 768. In his affidavit of exhaustion of administrative remedies, Conely does not identify a specific step-one grievance in which he made a claim that any prison official's actions violated his right to be free from cruel and unusual punishment. He does aver that "there are other issues and or [sic] constitutional violations noted in plaintiff's complaint herein that plaintiff attempted to submit a grievance about however these grievances were trashed by defendants." Even if this general statement could be construed to refer to the alleged Eighth Amendment violation, Conely does not state the date on which the grievance was filed as required by section 14.005(a). Section 501.008 of the government code would permit Conely to file this claim in state court even if, as he asserts, the grievance he attempted to file was "trashed" or not processed and he never received a written response, provided that he filed his state court claim no sooner than 180 days after filing his grievance. *See* Tex. Gov't Code Ann. § 501.008(d)(2). When no written response has been received, an inmate can satisfy the requirements of civil practice and remedies code section 14.005 by stating the date that his grievance was filed and demonstrating that 180 days have passed without his receiving a written decision from the grievance system. Conely's affidavit provides no information regarding the date he attempted to file a grievance complaining of the alleged violation of his Eighth Amendment rights and therefore fails to comply with section

8

14.005(a). Accordingly, the trial court acted within its discretion in dismissing Conely's claim. *Brewer*, 268 S.W.3d at 768. We overrule Conely's third appellate issue.

In his fourth issue, Conely argues that the trial court erred by "fail[ing] to find defendant's motion to dismiss invalid/moot." Conely claims that the "defendants motion lacks standing and thus was moot/invalid because they defaulted on appellant's discovery request." Conely cites no authority for the proposition that a party's failure to respond to an opposing party's discovery request deprives it of the ability to file a motion to dismiss pursuant to civil practice and remedies code chapter 14. Responding to outstanding discovery requests is not a prerequisite to filing a motion to dismiss. And the district court could have dismissed Conely's claims as frivolous even in the absence of a motion requesting it to do so. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (court may dismiss claim, *either before or after service of process*, if court finds that claim is frivolous) (emphasis added). We overrule Conely's fourth appellate issue.

In his fifth issue, Conely asserts that the trial court erred by failing to render a default judgment against certain defendants, contending that his claims against them were not adjudicated by the court's order dismissing his suit. However, the order signed by the judge addresses "all causes of action" in Conely's suit and orders that they are "dismissed in their entirety." The order disposes of all claims Conely asserted against each of the defendants—it does not, as he claims, address only claims asserted against the Texas Board of Criminal Justice, the McConnell Unit staff, and Keith Clendennen. Conely further contends that with respect to the defendants who had not filed an answer and against whom Conely had sought a default judgment, the trial court had "no discretion

9

to refuse to hear and rule on a motion for default judgment." We first consider whether Conely preserved this complaint for appellate review.

To preserve a complaint for appellate review, a party must make the complaint to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). Preservation also requires one of three things: (1) an express ruling by the trial court, (2) an implicit ruling by the trial court, or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party. Tex. R. App. P. 33.1(a)(2). In the present case, Conely asserts that the trial court refused to rule on his motion for default judgment, but the record does not reflect that he raised any complaint about the refusal to rule by timely request, objection, or motion. Therefore, Conely failed to preserve this complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *AIS Servs. Inc., LLC v. Mendez*, No. 05-07-01224-CV, 2009 WL 2622391, at *1 (Tex. App.—Dallas Aug. 27, 2009, no pet.) (mem. op.). Moreover, even if this complaint had been preserved, it is without merit. The trial court determined, and we agree, that Conely's claims had no arguable basis in law. A default judgment is properly granted only if the facts set out in the petition alleged a cause of action. In such a case, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphics Co.*, 675 S.W.2d 729, 731 (Tex. 1984). Here, because Conely's claims as alleged cannot succeed as a matter of law, the trial court would have erred by granting a default judgment. *See Huynh v. Vo*, No. 01-02-00295-CV, 2003 WL 1848607, at *3 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet.) (mem. op.) (when plaintiff's claim could not succeed as matter of law, trial court erred in rendering judgment on claim). We overrule Conely's fifth appellate issue.

10

In his sixth issue on appeal, Conely asserts that the trial court was biased against him such that he was deprived of his right to a fair and impartial tribunal. In his brief, Conely cites several examples of what he contends is evidence that the trial court was biased and prejudiced against "him and his claims." Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion and judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Expressions of impatience, dissatisfaction, annoyance, and even anger also do not establish bias or partiality. *Id.* A district court has the inherent power to control the disposition of cases and may do so by intervening to maintain control in the courtroom, expedite proceedings, and prevent what it considers to be a waste of time. *Id.* at 241.

We have reviewed the transcript of the circumstances about which Conely complains. He asserts that the judge demonstrated bias by seeking information from counsel for defendants "concerning the merits of appellant's claim instead of liberally and thoroughly construing his claim himself," and by asking counsel for defendants whether he believed appellant's claims had merit. This was a hearing on the defendants' motion to dismiss Conely's claims as frivolous. The purpose of the hearing was to provide the defendants an opportunity to explain to the court the basis for their motion. The judge's request that counsel for defendants do so does not indicate any bias or prejudice against Conely nor any predisposition regarding the merits of the motion to dismiss. Conely further asserts that the judge was "very impatient with appellant and did not give appellant a good opportunity to articulate his argument/contentions." Having reviewed the hearing transcript, we find

11

the opposite to be the case. The court provided Conely with ample opportunity to state his arguments in opposition to the motion. Conely, uninterrupted by the court or counsel, gave a lengthy explanation of the case's procedural background followed by arguments regarding the merits of each of his claims. After making his arguments, Conely stated "Your Honor, I conclude my argument in regards to my Motion to Compel and opposition to Defendants' Motion to Dismiss and my Motion for Appointment of Counsel." Although Conely claims that at the conclusion of the hearing, the court said "in a provoking manner 'good day,'" the transcript of the hearing shows that the judge concluded the hearing by saying "Mr. Conely, thank you for your time." The transcript of the hearing does not support Conely's contention that he was treated rudely and not given an opportunity to present his arguments, nor that the judge was predisposed to rule against him. Conely's sixth appellate issue is overruled.

## CONCLUSION

Having overruled each of Conely's six issues on appeal, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: August 31, 2011

12